IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AUGUSTUS HEBREW EVANS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 17-1495-RGA |
| | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondent. | : | |

## **MEMORANDUM**

In April 2012, the Honorable Leonard P. Stark denied as meritless Petitioner Augustus Hebrew Evans' habeas Petition challenging his 2007 convictions. *See Evans v. Phelps*, 2012 WL 1134482 (D. Del. Apr. 2, 2012). Thereafter, Petitioner filed in this Court a Petition for a Writ of Error Coram Nobis and two more habeas Petitions, as well as an application in the Third Circuit for Authorization to File a Second or Successive Habeas Petition – all of which were denied or dismissed. (D.I. 6 at 1-2) Presently pending before the Court is Petitioner's Motion for Reargument of the Court's dismissal of his most recent habeas Petition. (D.I. 11)

**I.    STANDARD OF REVIEW**

Pursuant to Local Rule 7.1.5, a motion for reargument should be granted sparingly. *See* D. Del. LR 7.1.5(a). The decision to grant such a motion lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions are granted only if the court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of

apprehension. *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998). To succeed on a motion for reargument, the movant must show at least one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion that simply "rehashes materials and theories already briefed, argued, and decided" should be denied. *Schering*, 25 F. Supp. 2d at 295.

## II. DISCUSSION

In his Motion for Reargument, Petitioner appears to contend that the Court should not have dismissed his Petition as second or successive because he has no other adequate remedy at law, and the Court failed to consider his new evidence supporting his Ex Post Facto argument. This argument is unavailing. As explicitly stated in 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section [28 U.S.C. § 2244(b)] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The Court dismissed the Petition for being an unauthorized second or successive habeas request because Petitioner filed it without obtaining authorization from the Third Circuit Court of Appeals. Petitioner still has not obtained such authorization. Moreover, to the extent the instant Motion merely re-asserts the same arguments Petitioner presented in his Petition, he has not presented any intervening change in law, the availability of previously unavailable evidence, or a "clear error of law" of the sort that would compel reargument. For all of these reasons, the Court

concludes that the instant Motion for Reargument fails to warrant reconsideration of the Court's prior dismissal of Petitioner's Petition.

### III. CONCLUSION

Based on the foregoing, the court will deny Petitioner's Motion for Reargument. The Court will not issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate Order will be entered.

DATED: July 25, 2018

_____
UNITED STATES DISTRICT JUDGE